HARDY, Judge.
This is an action for a declaratory judgment in which plaintiffs pray for judgment recognizing them as owners of undivided interests in a two-acre tract of land situated in West Monroe, Ouachita Parish, Louisiana. From judgment rejecting the demands of plaintiffs, only one of plaintiffs, Leroy Ewing, has appealed.
The principal actor in the institution of this suit appears to have been Leroy Ewing, who was joined in the petition seeking a declaratory judgment by his brother, Frank Ewing. Named as defendants were Eunice Watus Anderson, Henry Watus and Leon Watus. Although her interest was identical with that of plaintiffs, Fannie Ewing Downs also was joined as a party defendant on the ground that she was an indispensable party to these proceedings. This defendant was represented by a court-appointed curator who filed a pleading adopting in full the pleadings filed by the plaintiffs, Leon and Frank Ewing, and joined them in their claims to the same extent as if she had been an original party plaintiff.
*77 Most of the material facts necessary to an understanding and resolution of this suit are undisputed. The property involved was acquired by Marion Watus prior to his marriage to Ruth Lee in the year 1901, The defendants, Eunice Watus Anderson, Henry Watus and Leon Watus, are children of this marriage. Marion Watus died in 1904 and in 1905 Ruth Lee Watus married Gus Ewing, of which marriage were born three children, Leroy Ewing, Frank Ewing and Fannie Ewing Downs, the plaintiffs in this suit. Ruth Lee Watus Ewing, mother of all the parties litigant, died in the year 1945. Plaintiffs claim an undivided one-sixth interest each in the property as heirs to their mother’s community interest, which ownership is alleged to have been perfected by her possession of the property as owner for a period in excess of thirty years beginning no later than the year 1905.
In opposition to plaintiffs’ claim the defendants assert that the property in question was acquired by their father prior to his marriage with their mother, Ruth Lee, and therefore belonged to his separate estate; was never possessed by their mother as owner but was possessed constructively by their mother after the death of their father in the interest of the three Watus heirs and was actively possessed by the heirs themselves over a period beginning in or about the year 1918 and up until the institution of this suit in 1965.
Inasmuch as the judgment appealed from simply rejected the demands of plaintiffs, it is only necessary to consider the question as to whether plaintiffs have established their claim of title by thirty years possession as owner on the part of their mother.
Careful examination of the record has convinced us of the correctness of the judgment rejecting plaintiffs’ demands.
The testimony of Leroy Ewing was vague and unconvincing. It is evident that this defendant knew little about the facts related to the asserted possession of his mother and that his claims asserted in this suit were due to his “feeling” that his mother had an interest in the property, and that, therefore, he had a right to a part. Standing alone, this testimony would hardly be persuasive, much less convincing, and certainly it is woefully insufficient to support the plea of prescription acquirendi causa. However, if the testimony was considered to be adequate as making out a prima facie case, it is conclusively rebutted by the consistent and convincing testimony of the defendant, Eunice Watus Anderson, supported in part by the testimony of her husband, Key Anderson. Eunice Anderson testified that after the death of her mother’s second husband her mother moved with all of her children to the home of her grandmother, Sylvia Driggs, where they lived for a number of years; that the witness married Key Anderson in or about the year 1917, the year before the beginning of World War I; lived with her husband in the near vicinity of the Driggs place until he was called into service, then lived with her mother on the Driggs place until the return of her husband from service in or about the year 1919, at which time she and her husband moved into the old Watus home where they lived until they built a new home on the Watus place, and that her mother then moved into the old home; that her brother, Leon, also built a small shotgun house on the place and lived there with his family for a number of years. This witness also testified that after her marriage her mother gave her a number of papers, including what purported to be the original deed to her father, a bundle of tax receipts and a map marked with the location of the Watus property, and told her that the property had been bought by her father before their marriage, and that it belonged to the Watus children. Exhibits introduced on trial established the fact that the property had been continuously assessed in the name of M. F. Watus or Estate of M. F. Watus and that the taxes had been paid. It seems clear that these taxes were paid by Ruth Lee Watus Ewing up until the date of the marriage of Eunice Watus, after which time Eunice paid the taxes.
*78 Under the preponderantly established factual circumstances we find no justification for a holding that Ruth Lee ever claimed the property as owner or that her possession endured for a period of thirty years.
We note that the judgment rendered by the district court rejected the demands ot the plaintiffs, Leroy Ewing and Frank Ewing and inadvertently omitted the inclusion of the claim of Fannie Ewing Downs. We think this omission was inadvertent and should be corrected.
Accordingly, the judgment appealed from is amended to the extent of rejecting the demands of all the plaintiffs, namely Leroy Ewing, Frank Ewing and Fannie Ewing Downs, and as so amended it is affirmed at appellant’s cost.